**1st AMENDED AFTER REMAND FROM 9TH CIRCUIT COURT OF APPEAL Dated October 18, 2010**.

## United States District Court
## Central District of California

**UNITED STATES OF AMERICA vs.**                    Docket No.        **SACR 07-00030-JVS**

**Defendant**      Shaun King                        **Social Security No.** 5    6    5    2
akas:   T/N Shaun Merle King                          (Last 4 digits)

| JUDGMENT AND PROBATION/COMMITMENT ORDER |
|---|

In the presence of the attorney for the government, the defendant filed a written waiver of presence.

| MONTH | DAY | YEAR |
|---|---|---|
| FEB | 09 | 2009 |

**COUNSEL**  [X] **WITH COUNSEL**                    Randolph Driggs, Apptd
(Name of Counsel)

**PLEA**  [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea. [ ]  **NOLO CONTENDERE**   [ ]  **NOT GUILTY**

**FINDING**   There being a finding/verdict of [X]  **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**JUDGMENT AND PROB/ COMM ORDER**   **Possession of Child Pornography in violation of Title 18 U.S.C. 2252(a)(5)(B) as charged in Count 1 of the Indictment.**
The Court asked whether defendant had anything to say why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby placed committed to the custody of the Bureau of Prisons to be imprisoned for a term of:   **Sixty-three (63) months**

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.     All fines are waived as it is found that the defendant lacks the ability to pay a fine.

The Court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment;

Upon release from imprisonment the defendant shall be placed on supervised release for a term of life under the following terms and conditions:

**1.**  The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;
**2.**  During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.
**3.**  When not employed or excused by the Probation Officer for schooling, training, or other acceptable reasons, the defendant shall perform 20 hours of community service per week as directed by the Probation Officer;
**4.**  The defendant shall cooperate in the collection of a DNA sample from the defendant.

## Computer Restrictions and Conditions

**5.**  The defendant shall use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs), as approved by the Probation Officer.  Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants (PDAs), internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers, or similar media.
**6.**  All computers, computer-related devices, and their peripheral equipment, used by the defendant, shall be subject to search and seizure and the installation of search and/or monitoring software and hardware, including unannounced seizure for the purpose of search.  The defendant shall pay the cost of the computer monitoring, in an amount not to exceed $30 per month per device connected to the internet.  The defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software on the computers, computer-related devices, or their peripheral equipment, nor shall he hide or encrypt files or data without prior approval of the Probation Officer.  Further, the defendant shall provide all billing records, including telephone, cable, internet, satellite, and the like, as requested by the Probation Officer.
**7.**  The defendant shall not access via computer any material constituting child pornography as defined by 18 U.S.C. § 2256(8). The defendant shall not have another individual access the internet on his behalf to obtain files or information which he has been restricted from accessing, or accept restricted files or information from another person.

USA vs.   Shaun King                                      Docket No.:   SACR 07-00030-JVS

## Sex Offender Treatment and Conditions

**8.**   The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer.  The defendant shall provide proof of registration to the Probation Officer within ten days of release from imprisonment.

**9.**   The defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, as approved and directed by the Probation Officer.  The defendant shall abide by all rules, requirements, and conditions of such program;

**10.**   As directed by the Probation Officer, the defendant, to the extend financially able to do so, shall pay all or part of the costs of treating the defendant's psychological/sex offender disorder to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  The defendant shall provide payment and proof of payment, as directed by the Probation Officer.

**11.**   The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8);  This condition does not prohibit the defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit him from possessing materials prepared for used for the purposes of his court-mandated sex offender treatment, when the defendant's treatment provider for the probation officer has approved of his possession of the material in advance; and

**12.**   The defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he open or maintain a post office box, without the prior approval of the Probation Officer.

Pursuant to 18 U.S.C. § 3553(a)(2)(D), the Court authorizes the Probation Officer to disclose the Presentence Investigation Report, and/or any previous mental health evaluations or reports, to the treatment provider.  The treatment provider may provide information (excluding the Presentence Investigation Report), to State or local social service agencies (such as the State of California, Department of Social Services), for the purpose of the defendant's rehabilitation.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The Court informs the defendant of his right to appeal.

The Court recommends placement in a Southern California facility and further recommends placement in the sex offender treatment program.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

October 20, 2010
_____
Date

_____
James V. Selna
U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Terry Nafisi, Clerk

October 21, 2010
_____
Filed Date

By   Dwayne Roberts
_____
Deputy Clerk

USA vs.   Shaun King                                    Docket No.:   SACR 07-00030-JVS

---

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1.   The defendant shall not commit another Federal, state or local crime;
2.   the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3.   the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4.   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5.   the defendant shall support his or her dependents and meet other family responsibilities;
6.   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7.   the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8.   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9.   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10.   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11.   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12.   the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13.   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14.   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15.   the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16.   and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

X     The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:
1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
Private victims (individual and corporate),
Providers of compensation to private victims,
The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs.   Shaun King                                    Docket No.:   SACR 07-00030-JVS

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.  Shaun King _____     Docket No.:  SACR 07-00030-JVS _____

---

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____         By _____

Date                                   Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____         By _____

Filed Date                              Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____

Defendant                                         Date

_____     _____

U. S. Probation Officer/Designated Witness           Date